UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-2806-Civ-MORENO
MAGISTRATE JUDGE SORRENTINO

MARK OSTERBACK, et al.,         :

       Plaintiffs,              :

v.                              :         REPORT OF
                                       MAGISTRATE JUDGE
HARRY K. SINGLETARY, et al.,    :

       Defendants.              :
_____

FILED by ___ D.C.
MAG. SEC.
JUN 16 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.    MIAMI

## I. Introduction

On August 28, 1997, Mark E. Osterback [DC# 745238], Thomas Gross [DC# 926497], and Darryl E. Williams [DC# 579845], who were then confined at Everglades Correctional Institution, filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983, for damages, and declaratory and injunctive relief, attacking the conditions of their confinement on Close Management ("CM") at the institution (DE# 1). On November 19, 1997, the same three plaintiffs filed a first amended complaint (DE# 16), captioned as a class action, on behalf of all present and future inmates on CM at Everglades C.I.

Subsequently, the plaintiffs obtained representation by the Florida Justice Institute, and on November 1, 1999, counsel filed a second amended complaint (DE# 91), which includes, as plaintiffs individually, and as representatives of a class of persons similarly situated, inmate Osterback, and [illegible] other inmates who did not join in the earlier pleadings.

The plaintiffs allege that the defendants house inmates assigned to CM under conditions so harsh, atypical and punitive as

to amount to cruel and unusual punishment, in deprivation of their rights under the Eighth Amendment. They allege that the conditions under which CM inmates are housed result in serious mental and physical deterioration, and that this poses a danger to the public, since a large, although unknown number of inmates complete their sentences while on CM, and are released directly from CM to the street. The second amended complaint is filed on behalf of the fifteen representative plaintiffs and on behalf of "a class of all others similarly situated."

This Cause is before the Court upon: 1) the "Defendants' Motion to Dismiss No. 97-2806 and Require Plaintiffs to Refile under New Case Number" (DE# 93); and 2) the "Plaintiffs' Motion for Class Certification" (DE# 101).

The Florida Administrative Code provisions pertaining to Close Management were renumbered, and are currently found at F.A.C. §33-601.801, et seq. [formerly §33-38.001 et seq.]. Those sections pertinent to the discussion in this report are §33-601.801, captioned "Close Management - General," §33-601.802, captioned "Levels of Close Management," and §33-601.803, captioned "Privileges in Close Management."[1]

---

[1] In brief, CM is the confinement of an inmate apart from the general population, for reasons of security, or the order and effective management of the institution, where the inmate, through his own behavior has demonstrated inability to live in the general population without abusing the rights and privileges of others. F.A.C. §33-601.801.

There are three levels of CM: Close Management I ("CM-I"), Close Management

2

A. The Defendants' Motion (DE# 93)

The defendants' motion, (DE# 93), is docketed as incorporating two motions, a motion to dismiss the second amended complaint (DE# 93-1), and a motion to require the plaintiffs to refile this action as a new lawsuit (DE# 93-2).

The defendants argue that the second amended complaint should be dismissed, and that the plaintiffs should be required to file an entirely new lawsuit, because Mark Osterback, who is no longer in CM, is the only original plaintiff remaining in the lawsuit, and because the original plaintiffs, through counsel's efforts, did not merely "clean up" the first amended complaint filed pro se by them, but rather transformed the case into an entirely new lawsuit, by dropping original plaintiffs Cross and Williams, and adding [illegible] extending the scope of the case to include inmates housed at institutions throughout the Florida Department of Corrections ("DOC"). (DE# 93).

---

II ("CM-II"), and Close Management III ("CM-III"). CM-I is the most restrictive single cell designation of the CM status designations. An inmate may be held in CM-I for up to 37 months, or longer if he demonstrates a continued failure to comply with statutes, DOC rules, or oral or written instructions given to him by department staff while confined on CM-I. F.A.C. §33-601.802(1). CM-II is single cell housing for up to [illegible] months or longer if the inmate fails to comply with statutes, rules and instructions. F.A.C. §33-601.802(2). CM-III is restrictive cell housing for up to 25 months, or longer if the inmate fails to comply with statutes, rules and instructions. F.A.C. §33-601.802(3).

The three CM levels carry with them significant restrictions of privileges. See: F.A.C. §33-601.803.

3

In their motion for leave to amend (DE# 82), the plaintiffs, through counsel, made clear that the essence of their claim is the group of restrictions imposed pursuant to the Florida Administrative Code upon DOC inmates in Close Management I ("CM-I"), Close Management II ("CM-II"), and Close Management III ("CM-III"), impose an "atypical and significant hardship" as compared to ordinary prison life, and that the restrictions together, make up an overall claim of cruel and unusual punishment.

It is plain from the motion for leave to amend that the plaintiffs were attacking CM restrictions in general under rules and regulations which apply to the entire DOC, and not merely attacking conditions at Everglades CI. Additionally, the motion to amend clearly indicates that it was the plaintiffs' intent to not only "clean up" the first amended complaint, but also to "include all persons similarly situated" and to "add additional plaintiffs for standing purposes." (See DE# 82, p. 14).

The motion for leave to amend was granted (DE# 89), and that order was not appealed to the District Judge. The operative complaint is therefore the "Second Amended Class Action Complaint," (DE# 91).

The fact that Inmate Osterback, who was formerly but is no longer on CM status, does not mean that the case must be dismissed.

Under Article III of the Constitution the jurisdiction of federal courts depends on the existence of a "case or controversy."

4

In other words, the plaintiffs must have standing initially, and must continue to have standing throughout the pendency of the litigation, and their claims must not become moot. <u>Cruz v. Hauck</u>, 627 F.2d 710, 715 (5 Cir. 1980) (citing <u>United States Parle Com'n v. Geraghty</u>, 445 U.S. 388, 398 (1980). There is, however, an exception to this rule, a "narrow class of cases" in which the injury complained of is "capable of repetition, yet evading review." <u>Southern Pacific Terminal Co. v. Interstate Commerce Commission</u>, 219 U.S. 498, 515 (1911); <u>Cruz v. Hauck</u>, <u>supra</u>, 627 F.2d at 715-16. When the plaintiffs are likely to suffer the same injury again, there is a continuing case or controversy that satisfies the requirements of Article III, and permits the plaintiffs to continue their lawsuit even though they are no longer suffering the injury complained of. <u>Cruz v. Hauck</u>, <u>supra</u>, 627 F.2d at 715-16 (citing <u>Roe v. Wade</u>, 410 U.S. 113 (1973); <u>Moore v. Ogilvie</u>, 394 U.S. 814

Moreover, even if named plaintiffs themselves are not likely to suffer the same injury again, a class action does not "inexorably become moot by the intervening resolution of the controversy as to the named plaintiffs," <u>Sosna v. Iowa</u>, 419 U.S. 393, 401 (1975), if the class has been properly certified and the issue is "capable of repetition yet evading review." This is because in such a case, there is a continuing case or controversy between the defendants and the unnamed members of the class, "even though the claim[s] of the named plaintiff[s] [have] become moot." <u>Sosna</u>, <u>supra</u>, at 402. <u>See</u>: <u>Jones v. Diamond</u>, 519 F.2d 1000, 1093, n. 1 (5 Cir. 1975) (noting in case where inmate Jones sued under

5

§1983 in an attempt to reform county jail conditions, that although Jones was no longer at the jail, mootness posed no problem, because the case fell squarely within "that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class") (quoting Gerstein v. Pugh, 420 U.S. 103, 110, n. 11 (1975).

In this case, the plaintiff Osterback, named in both the first and second amended complaints as a plaintiff representative suing on behalf of others similarly situated, states that he was on CM for a period of months in 1995, and again from August 21, 1996 until October 30, 1997, and alleges that as to him there exists a real possibility that he will again be placed on CM. This is because Osterback is serving a life sentence, and the established policy, practice, custom, and procedure of the DOC calls for the [illegible line] convicted of committing even minor infractions of the DOC rules of prohibited conduct, after their release from CM.

The provisions of Florida Administrative Code section 33-601.802(3) provide that inmates may be placed in the various levels of CM for a whole host of reasons, some involving more serious or violent events than others. Inmates, however, may also be placed on CM for a history of receiving disciplinary reports. For example, an inmate may be placed into to CM-III if he has a "history of disciplinary action or institutional adjustment reflecting an inability to live in the general inmate population without disrupting the operation of the institution." F.A.C. §33-

6

601.802(3)(c). An inmate on CM-III can be placed on CM-II for "inability to adjust as evidenced by continued disciplinary action or unsatisfactory ratings" F.A.C. §33-601.802(2)(j); and an inmate on CM-III or CM-II can be placed on CM-I for "inability to adjust as evidenced by continued disciplinary action or unsatisfactory ratings" F.A.C. §33-601.802(1)(m). Finally, F.A.C. §33-601.802 provides in pertinent part that an inmate can be placed on CM-I without having previously been in CM-II or CM-III, upon consideration of factors enumerated at §33-601.802(a)-(n).

Records pertaining to Osterback, which are maintained and published by the Florida DOC on the Internet, show that he is sentenced to life, and was born on April 29, 1968. (See: Inmate Population Information Details, under the Corrections Offender Information Network, at http://www.dc.state.fl.us). The plaintiffs' remainder of his incarceration to be convicted in prison disciplinary hearings of prison rule infractions, and therefore be subject to reclassification to CM, is not a remote possibility.

B. <u>The Plaintiffs' Motion for Class Certification (DE# 101)</u>

The plaintiffs have filed a motion (DE# 101) for class certification pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2), and in support have submitted a memorandum (DE# 102), and supporting documentation, including answers to interrogatories, and declarations made under penalty of perjury by the named plaintiffs/class representatives. (DE#s 103 and 104). In

opposition, the defendants have filed a response arguing that there is: a lack standing; absence of commonality and typicality due to differences between proposed class representatives and differences in procedures at various institutions; and an overbroad definition of the class, because according to the defendants the class would necessarily include any person now incarcerated in the DOC, or who within the boundaries of Florida is sentenced for a felony any time in the future. (DE# 111). The plaintiffs filed a reply to the defendants' response. (DE# 112).

In determining a motion for class certification, the burden rests on the movant to prove existence of the Rule 23(a) elements. Windham v. American Brands, Inc., 565 F.2d 59, 65 (4 Cir. 1977); Sheftelman v. Jones, 667 F.Supp. 859, 862 (N.D. Ga. 1987). In considering whether the burden has been met, the plaintiff's [illegible line] merits of the complaint. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-178 (1974); Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718 (11 Cir. 1987), cert. denied, 485 U.S. 959 (1988). Moreover, granting class certification is within the sound discretion of the district court, and that determination will not be disturbed, except upon a showing of abuse of discretion. Giles v. Ireland, 742 F.2d 1366, 1372 (11 Cir. 1984).

First the Court must examine whether the four prerequisites set forth in Rule 23(a) are met, and, if so, it must then examine whether the controversy in question qualifies under one or more of

three permissible class action categories defined under Rule 23(b). See Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997).

Rule 23(a) permits a class action only if the following requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).

In this case, the numerosity element clearly is met. At the time that the plaintiffs' motion was filed, they demonstrated that the number of Florida DOC inmates on CM-I, CM-II, and CM-III was in excess of 2,500 (see DE# 103), thereby making joinder manifestly impracticable. _____, ___ ___ ___, ___ ___ ___, 878 (11 Cir. 1986). The fact that unknown numbers of unknown prisoners will in the future become members of the proposed class makes joinder all the more impracticable, see Lawson v. Wainwright, 108 F.R.D. 450, 454, (S.D.Fla. 1986), but the fact that the exact number of potential plaintiffs in a class is unknown does not defeat the numerosity requirement. Grossman v. Waste Management, Inc., 100 F.R.D. 781, 785 (N.D.Ill. 1984). Courts routinely certify plaintiff classes that include future class members. See Miller v. Carson, 563 F.2d 741 (5 Cir. 1977).

The commonality element requires that there are questions of law or fact common to the class. The class may vary in size, and

the class members may vary in their locations or damages they suffer, but Rule 23 does not require all members to be identically situated, as long as there are "substantial questions either of law or fact common to all." Seigel v. Chicken Delight, Inc., 271 F.Supp. 722, 726-27 (N.D.Cal. 1967). Rule 23 does not require that all factual or legal questions in a litigation be common, as long as at least one issue is common to all members, Hosley v. Armour & Co., 743 F.2d 199, 216-217 (4 Cir. 1984), cert. denied, 470 U.S. 1028 (1985), and factual differences among the class members' cases do not violate the rule, so long as a common legal theory is shared. Brown v. Eckard Drugs, Inc., 663 F.2d 1268, 1275 (4 Cir. 1981). In this case the existence of common questions of law and fact is clear. At issue is whether the limitations placed on inmates confined to CM in the Florida DOC, combined with the long term nature of the confinement, as provided for pursuant to F.A.C. [illegible line] "atypical and significant hardship" as compared to ordinary prison life, and that the restrictions together, subject the class representatives and other class members to cruel and unusual punishment.

The third requirement is that the claims and defenses of the class representatives must be typical of the claims of the other class members. See Central Wesleyan College v. W.R.Grace & Co., 143 F.R.D. 628, 636 (D.S.C. 1992), aff'd, 6 F.3d 177 (4 Cir. 1993). The class representative or representatives may satisfy this requirement by demonstrating that his claims arise from the same practices, and are based on the same theory of law, as the class

claims. Hosley v. Armour & Co., supra, 743 F.2d at 217. In this case, as shown by the allegations in the second amended complaint, and the statements by the representatives of the proposed class in their declarations, the class representatives' and class members' claims are founded on an identical action of the defendants, and legal theory: i.e. the long term confinement of inmates on CM in the Florida DOC by the defendants, pursuant to codified regulations and policy the terms of which apply throughout the Florida DOC, causes the class representatives and other class members "atypical and significant hardship" as compared to ordinary prison life, subjecting them to cruel and unusual punishment.

The fourth element of Rule 23(a) also is satisfied. In this case the representative parties will fairly and adequately protect the interests of the class. There are two requirements: 1) that the [illegible line] Carlin, 755 F.2d 1516, 1533 (11 Cir. 1985), Central Wesleyan College, supra, 6 F.3d at 183, and 2) that the named plaintiffs must not have any interests antagonistic to the class. Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718 (11 Cir. 1987). In this case, the class members are now represented by highly experienced counsel, and there is nothing to suggest that any of the named plaintiffs have interests antagonistic to each other or to unnamed members of the proposed class.

The final inquiry is whether the controversy in question qualifies under one or more of three permissible class action categories defined under Rule 23(b). See Amchem Products, Inc. v.

11

<u>Windsor</u>, 521 U.S. 591 (1997). In this case it does qualify, under Rule 23(b)(2), which reads, as follows:

> (b) **Class Actions Maintainable**. An Action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
>        \*       \*       \*
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with request to the class as a whole...

(<u>Fed.R.Civ.P.</u> 23(b)(2)).

Here, the defendants are alleged to have acted on grounds generally applicable to the class, by enforcing the provisions of F.A.C. §33-601.801, et seq. (formerly §33-38.001 et seq.), so as to confine the named plaintiff representatives and unnamed members of the class to long term single cell and/or restrictive cell housing, under conditions so harsh, atypical and punitive, that they result in serious mental and physical deterioration of the plaintiff representatives and other members of the class. This, the plaintiff representatives allege, amounts to the imposition of cruel and unusual punishment upon them and other members of the proposed class.

### III. <u>Conclusion</u>

It is therefore recommended that: 1) the defendants' motion to dismiss, and require to the plaintiffs to file a new case, under a

new style (DE#s 93-1 and 93-2) be denied; and 2) the plaintiffs' motion (DE# 101) for certification of a class consisting of all persons who are currently assigned to Close Management in prisons operated by the Florida Department of Corrections or who in the future will be assigned to Close Management, with three subclasses: (i) persons who are currently or will be assigned to Close Management I; (ii) persons who are currently or will be assigned to Close Management II; and (iii) persons who are currently or will be assigned to Close Management III

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: June 16, 2000

cc: Peter M. Siegel, Esquire
Florida Justice Institute, Inc.
2870 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2310

Kathleen M. Savor
Assistant Attorney General
Office of the Attorney General
Republic Tower, 10th Floor
110 Southeast Sixth Street
Ft. Lauderdale, Florida 33301